Cuma per
Nott, J.
The question submitted to us in this case, was decided at our last sitting in Columbia, in the case of Houston vs. Houston, 3 M’Cord 491. That case was submitted to the Court without argument, and the opinion made up and delivered in the hasty manner in which many of our decisions necessarily must be amidst the pressure of business under which we labor. It was however founded on what was thought to be a very familiar principle, to wit, that all the personal estate which a man has at the time of his death passes under his will, although acquired after the time of its execution— from whence it was concluded that the will must be considered as having existence only from the time of the death, and not from the time of its execution ; and if it is to take effect from the time of the death only, it must be executed according to the provisions of the law at that time. In support of that construction of the act, we not only have the unanimous opinion of this Court, but the concurring opinions of two Ordinaries,, and two of the Circuit Judges on the same-point. We have, nevex-theless, upon the solicitation of the counsel for the appellant, submitted to an argument with a view of giving the question a further consideration, and to afford an opportunity of looking into the authorities upon the subject. And I am now authorised to say, that the argument has produced no change in the opinions of this court. With regard to *43 those passages from tbe Civil Law and the Code Civile, which have been relied on, even if they admit of the construction which the counsel supposes, they cannot affect the question. We never resort to the civil law as authority. It may be recurred to for the purpose of illustrating those principles of the common law which have been derived from that source, and no further. And no case has been adduced from any of the books, either in law or equity, in support of the doctrine contended for on the part of the appellants, which is thought applicable to the case now under consideration. The strongest is perhaps that of Downes vs. Townsend, and others, Ambler 290, where Lord Hardwicke is reported to have made use of the following observation : “ The general rule as to testaments is, that the time of the testament, and not the testator’s death is regarded.” But that dictum must be taken with reference to the particular question to which it was applied. Lord Hardwicke was looking for the intention of a testator as expressed in a specific bequest, contained in a testamentary paper. It was the intention alone of which he was speaking, and not of the execution nor of the time from whence it would take effect. He said, and undoubtedly said correctly, that the general rule was, the time of the testament and not the death of the testator. We must suppose that when a person is disposing of property he must mean the property which he possesses at the time, because he cannot know what property he may in future acquire. When therefore, a person makes a specific bequest, he must necessarily refer to some specific thing then in his power or possession. And yet in the same case, Lord Hardwicke says, where the legacy is universal, as of all a man’s goods, or even where it is specific, if of property in its nature fluctuating, as a flock of sheep, it must relate to the death. Several cases have been quoted from Mod *44 ern Reports, but the one principally relied on is Ashburnham vs. Bradshaw, 7 Modern 239. That was a devise made before the statute of George II. avoiding devises to charitable uses, and the testator died afterwards. It was referred to the judges to determine whether the will would still take elfect, or whether it was revoked by the statute: and ten out of twelve of the judges held that the land would still pass under the will, but they gave no reason for their opinions. Besides that was a devise of real estate; and a distinction has always been made between a will of real and personal estate. One which all the books concur in is, that a will of real estate carries only the land which the devisor has, at the time of making the will, but that a testament of personal estate carries all the goods which he has at the time of his death, although he may have acquired them after making the will. And that distinction is relied on by Lord Chancellor Northington, in the case of the Attorney General vs. Hartwell, Ambler, 451, where a will of personal estate came under his consideration., depending upon the construction of the same statute of George II. In speaking of the case of Ashburnham vs. Bradshaw, he says, “ That was the case of real estate, but as to personal estate it admits of a different consideration.” And in that case he held that the will was rendered void by the statute. We are told in the argument that the decrees of Lord Northington are not to be relied on as authority.— We cannot consider the. single decision of any English judge as conclusive authority; but it would be very difficult to fix a scale by which to ascertain the exact degree of credit to which they are respectively entitled. We can only allow them the weight to which we think they are entitled according to the notions we may entertain of the general principles of law to which they relate. It is said in Ambler 451, that when the Lord Chancellor first star *45 ted the distinction between real and personal estate, as affecting the question, it was a surprise upon the counsel on all sides: from whence it is argued that they were surprised that such a distinction should be made. But I apprehend that all that wao meant by that observation was that the distinction had not occurred to the counsel, and not that it was so new or extraordinary that they were surprised to hear it from the bench. But Mr. Eden, who has collected the decisions of Lord Northington from his own original manuscripts, does not find that remark contained in this case. He has indeed introduced it into his report, but it is inclosed in a parenthesis and given upon the authority of Ambler alone, and not of the Chancellor, 2 Eden 284. But the distinction is as well settled as any rule of law whatever, and goes to reconcile all the cases on the subject. It may be an arbitrary one, but it is not more so than many of the distinctions between real and personal property, which are nevertheless obligatory upon this Court. It is also to be observed that Modern Reports are not of the highest authority. Of the 6th Volume, it is said that it is “ a book of no repute;” the 8th a miserable bad book; the 10th of little authority; and the 11th a book of no authority; and these are the opinions of Lord Hardwicke, Lord Mansfield, and Judge Buller; and if I were under the necessity of expressing an opinion on the case of Ashburnham vs. Bradshaw, I should feel much disposed to concur with Lord Chancellor Northington, “ that a great deal might be said against the determination.” But without resorting to any other authority than the act itself, I should come to the same conclusion. It will hardly admit of any other construction. It declares that “ from and after the first day of May next, all wills or testaments of personal property shall be executed in writing, &c. or else they shall be utterly void and of no effect.” It does not say, wills which shall be made after *46 such a time, for then perhaps it might have excluded those which had been previously executed, though the testator had died afterwards; but that all shall be void which are not thus executed. It appears as if time was allowed for the purpose of affording an opportunity for those who had made their wills to alter them so as to render them conformable to the provisions of the act; and would it not appear repugnant to all our notions of consistency that a will executed before the passage of the act should pass property acquired afterwards, though not executed according to the provisions of it? I think the Case of Houston vs. Houston not only consistent with the general principles of the law, but with the express letter of the act, and that the motion in this case must be refused.
New Trial Refused.